IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT F. RIVERA,

    Plaintiff,                              No. CIV S-06-1822 FCD DAD P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                       <u>ORDER</u>

/

           Plaintiff is a prisoner confined at a Florida State Prison and is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1981,1983, 1985, and 1997 and has filed a motion requesting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

           Plaintiff has not used the form application for requesting leave to proceed in forma pauperis and the required information for determining eligibility has not been included in his motion. Therefore, plaintiff the motion will be denied without prejudice and plaintiff will be ordered to file the court's form application requesting leave to proceed in forma pauperis.

           The court also finds that plaintiff's complaint is defective; however, the court notes that plaintiff has requested leave to file an amended complaint. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any

1

time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Plaintiff's request to amend his complaint will be granted and he will be required to use the form complaint provided by the court.

Plaintiff is advised that in his amended complaint, he must clearly identify each of his claims, identify the named defendants for each claim, and provide facts and allegations which demonstrate the acts which each defendants engaged in that support plaintiff's claims.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 15, 2006 motion for leave to proceed in forma pauperis is denied without prejudice;

2. Plaintiff shall submit, within thirty days from the date of service of this order, the an application requesting leave to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee of $350.00;

3. Plaintiff's September 13, 2006 motion to amend his complaint is granted;

4. Plaintiff's complaint, filed on August 15, 2006, is dismissed;

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; plaintiff shall use the form complaint provided by the court and answer each question; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint;

6. Plaintiff's failure to file an amended complaint and either an application requesting leave to proceed in forma pauperis or the $350.00 filing fee in accordance with this order will result in a recommendation that this action be dismissed; and

7. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a civil rights action and the application for requesting leave to proceed in forma pauperis by a state prisoner.

DATED: September 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rive1822.amd

3